JOHNSON, et al. *v.* LEE.

Division B. Nov. 26, 1951.

No. 38118 (55 So. (2d) 140)

Dabney & Dabney, for appellants.

Drake & Gage, for appellee.

Holmes, C.

On December 8, 1945, appellant, Charlie Johnson, was the owner of a tract of land in Claiborne County comprising approximately 35 acres, and on that date, he executed a deed of trust on the land to M. M. McFatter to secure an indebtedness of $2,100. He alone signed the deed of trust, representing himself therein to be a

single man. The deed of trust was later assigned to Dannie Lee and was foreclosed and Dannie Lee became the purchaser of the land at the foreclosure sale, and the land was accordingly conveyed to him by the duly and lawfully appointed substituted trustee. At the time of the execution of the deed of trust, appellants, claiming to be husband and wife pursuant to a ceremonial marriage performed on July 7, 1945, were occupying the land as a homestead. On March 24, 1949, appellants brought this suit in the Chancery Court of Claiborne County to cancel as void the aforesaid deed of trust and substituted trustee's deed upon the alleged ground that appellant Amy Johnson, the claimed wife of appellant Charlie Johnson, did not join in the execution of said deed of trust as provided in Section 330 of the Mississippi Code of 1942.

On the hearing of the cause, the chancellor found that at the time of the pretended marriage of appellants, the said Amy Johnson had a living husband from whom she had never been divorced, and that her purported marriage to the said Charlie Johnson was invalid, and that her signature to the deed of trust was not necessary to its validity. The chancellor accordingly dismissed the original bill, and the appellants appeal from the decree entered.

The undisputed proof is that at the time of the purported marriage of appellants, the said Amy Johnson had a living and undivorced husband, namely, one Monroe Shows, who appeared in person at the trial and testified. It is contended by appellants, however, that the said Monroe Shows had separated from Amy Johnson and that she had not heard from him in about twenty-eight years, and they seek to invoke the presumption of death under Section 1698 of the Mississippi Code of 1942. The affirmative proof is, however, that although the relatives of Shows were known to Amy and that they were living in nearby communities, she made no inquiry of them to ascertain his whereabouts or whether he was

living or dead. █ Moreover, the undisputed fact is that he was alive, and under the express terms of the statute, the presumption of death thereby created ends when the person whose death is in question, is shown to be alive. Watson v. Watson, 177 Miss. 767, 171 So. 701.

The chancellor, therefore, was manifestly correct in finding that Amy Johnson was not the lawful wife of Charlie Johnson at the time of the execution of the deed of trust, and in dismissing the original bill. The decree of the court below is accordingly affirmed.

Affirmed.

PER CURIAM.

The above opinion is adopted as the opinion of the Court and for the reasons therein indicated, the judgment of the court below is affirmed.

**Hall, J.,** took no part in the decision of this case.